UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOROSIAN, | CASE NO. 1:14-cv-00128-LJO-SKO |
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| CITY OF FRESNO, FRESNO POLICE DEPARTMENT, Does 1-20, inclusive, | **(Doc. 4)** |
| Defendants. | |

## I. INTRODUCTION

On January 29, 2014, Plaintiff David Torosian ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action against Defendants City of Fresno, Fresno Police Department, and Does 1-20 ("Defendants").[1] (Doc. 1.) On April 23, 2014, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 4.) For the reasons set for the below, Plaintiff's complaint is DISMISSED with 30 days' leave to amend.

---

[1] Plaintiff refers to several entities as Defendant throughout his complaint, including "Defendant City of Fresno, County of Fresno," "County," "City of Fresno Police Department," and "Fresno City Police." (Doc. 4, 1-3.) The Court notes City of Fresno, Fresno Police Department, and Does 1-20 are the only named defendants in this action.

1

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff, a resident of Fresno County, filed this action on behalf of himself "with the purpose of promoting the exercise of the right to keep and bear arms," stating his "legal action is focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control."  (Doc. 4, 1.)

Plaintiff challenges Defendants' policies for issuing permits to carry handguns, asserting Defendants maintain "near-complete bans" on carrying handguns for self-defense by ordinary individuals.  (Doc. 4, 2.)  Plaintiff argues these "bans" are neither compelled by California law, nor consistent with Plaintiff's rights under the Second and Fourteenth Amendments of the U.S. Constitution.  *Id*.  Plaintiff cites case law and California Penal Code sections in asserting that, although California has an interest in regulating firearms in the interest of the public, permits to carry arms may not be denied to ordinary citizens who can demonstrate basic competence with a firearm and who wish to carry a handgun for self-defense.  (Doc. 4, 2-3.)

Plaintiff contends that Defendants maintain a restrictive policy in issuing concealed carry permits for handguns by requiring "good cause" for a permit and rejecting self-defense alone as a reason to issue a permit.  (Doc. 4, pp. 3, 9.)  Because Plaintiff fears "victimization'' he wishes to exercise his Second Amendment right to carry a handgun for personal protection.  (Doc. 4, 3-4.)  In sum, Plaintiff asserts that Defendants' policies conflict with an interest in self-defense which "lies at the heart" of the right to bear arms.  (Doc. 4, 7.)  Plaintiff clarifies his "attack is not on the restrictions against concealed carrying," rather, Plaintiff targets the constitutionality of the "entire scheme."  (Doc. 4, 9.)  Plaintiff requests that counties should be made to issue handgun permits to citizens whose only good cause for requesting a permit is their desire for self-defense.  (Doc. 4, 9.)

Plaintiff explains that "the County, by and through its District Attorneys Office, is responsible for executing and administering the laws at issue in this lawsuit; has enforced the challenged laws, against Plaintiff and is in fact presently enforcing the challenged laws against Plaintiff's interests."  (Doc. 4, 2.)

Plaintiff asserts four claims for relief under 42 U.S.C. § 1983. First, he brings a Second Amendment claim asserting individuals cannot be required to prove "good cause" for the exercise of fundamental constitutional rights, including the right to keep and bear arms. He contends, "California Penal Code requirement that handgun, violates Second Amendment to the United States Constitution, facially and as applied against DAVE TOROSIAN, damaging them in violation of 42 U.S.C. § 1983."

Second, Plaintiff alleges that Defendants' adoption of the California approved handgun roster "violates Plaintiff's rights to equal protection of the law as guaranteed by the Fifth Amendment . . . in that Defendants allow some people access to handguns barred to [P]laintiff . . ." (Doc. 4, 13.)

Third, Plaintiff claims that Defendants violate his Fifth Amendment rights to due process because, "[i]ndividuals exercise of fundamental constitutional rights, including the right to keep and bear arms and the prosecution of the Plaintiff in a criminal matter do [in]fringe on the Plaintiff's right for due process." (Doc. 9, 13.) In tandem with Plaintiff's assertion that the "prosecution of the Plaintiff in a criminal matter for carry[ing] a handgun does violate the Fifth Amendment," Plaintiff seemingly claims that his fear of being potentially prosecuted, if he were to carry a handgun in violation of Defendant's concealed carry permitting structure, violates his right to due process.

Fourth and finally, Plaintiff claims that Defendants' policy of issuing handgun permits to some individuals based on Defendants' handgun permitting structure and policies violates his right to equal protection pursuant to the Fourteenth Amendment. (Doc. 4, 14.) Plaintiff seeks permanent injunctive relief against Defendants for each claim. (Doc. 4, 12-14.)

### III. LEGAL STANDARDS

**A.     Screening Standards**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt. *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). A pro se litigant must be given leave to amend his or her complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980) (per curiam)).

**B.     Section 1983 Legal Standards**

The Civil Rights Act, codified at 42 U.S.C. § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."

*Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).

> [Section 1983] creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution. Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials. To prove a case under section 1983, the plaintiff must first demonstrate that (1) the action occurred
>
> "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. [citations omitted].

*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  A person acts under color of state law when the individual "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *West v. Atkins*, 487 U.S. 42, 49-50 (1988) (internal quotation marks and citations omitted).  "[G]enerally, a public employee acts under color of state law while engaged in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.  The causation requirement in the second prong focuses on the duties and responsibilities of each defendant whose acts or omissions are alleged to have caused a constitutional violation.  "A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

At a minimum, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the act complained of was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  *Paratt v. Taylor*, 451 U.S. 527, 535 (1981).  To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1993).  Thus, the statute plainly requires that there be an actual causal connection or link between the actions of the defendants and the deprivation alleged to

have been suffered by plaintiff. *See Monell v. Department of Social Services,* 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

**C.    Standing Requirements**

A party invoking federal jurisdiction has the burden to establish his standing to sue. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559–61 (1992). To do so, a litigant must satisfy three elements which constitute the "irreducible constitutional minimum" of Article III standing. *Id.* First, the plaintiff must have suffered injury to a legally protected interest. *Id.* This injury must be both "concrete and particularized," *id.* (citing *Warth v. Seldin,* 422 U.S. 490, 508 (1975); *Sierra Club v. Morton,* 405 U.S. 727, 740–41 (1972)), and "actual or imminent" rather than "conjectural or hypothetical." *Id.* (citing *Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990) (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983)) (internal quotations omitted)). Second, "there must be a causal connection between the injury and the conduct complained of." *Id.* (citing *Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 41–42 (1976)). Third, the injury must be redressable by a favorable judicial decision. *Id.* (citing *Simon,* 426 U.S. at 38). Further, "[b]ecause plaintiff[ ] seek[s] . . . injunctive relief only, there is a further requirement that [he] show a very significant possibility of future harm; it is insufficient for [him] to demonstrate only a past injury." *Bras v. California Public Utilities Com'n,* 59 F.3d 869, 873 (9th Cir. 1995).

A concrete injury is one that is " 'distinct and palpable . . . as opposed to merely abstract.' " *Schmier v. U.S. Court of Appeals for 9th Circuit,* 279 F.3d 817, 821 (9th Cir. 2002) (quoting *Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990)). However, when "contesting the constitutionality of a criminal statute, 'it is not necessary that [the plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge [the] statute that he claims deters the exercise of his constitutional rights.' " *Babbitt v. UFW Nat'l Union,* 442 U.S. 289, 298 (1979) (quoting *Steffel v. Thompson,* 415 U.S. 452 (1974)) (formatting in original). The Supreme Court has explained, "When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he should not be required to await and

undergo a criminal prosecution as the sole means of seeking relief." *Id. See also MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 129 (2007) (a "plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction"). "But 'persons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs.' " *Babbitt,* 442 U.S. at 298 (quoting *Younger v. Harris,* 401 U.S. 37, 42 (1971); *Golden v. Zwickler,* 394 U.S. 103 (1969)). "When plaintiffs 'do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible,' they do not allege a dispute susceptible to resolution by a federal court." *Id.* at 298–99 (quoting *Younger,* 401 U.S. at 42). Further, "a vague and unspecified" intention to engage in the proscribed conduct "at some unknown point in the future" is not enough to support standing. *Jackson,* 829 F.Supp.2d 867, 872 (N.D. Cal. 2011). *See Pizzo v. City & Cnty. of San Francisco*, No. 09-4493-CW, 2012 WL 6044837 (N.D. Cal. Dec. 5, 2012), appeal dismissed (Mar. 8, 2013) ("Regardless of whether or not Plaintiff can establish that prosecution is even remotely possible, she has not alleged a sufficient intention to engage in conduct proscribed by the storage ordinance to support Article III jurisdiction.").

## IV. DISCUSSION

**A.     Plaintiff Fails to Adequately Allege an Injury Sufficient to Support Standing**

Plaintiff's FAC does not include facts establishing standing to bring a claim. To proceed with a federal lawsuit alleging violations of the United States Constitution, Plaintiff must identify an injury "fairly traceable" to conduct on the part of Defendant that is unlawful. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., et al.,* 454 U.S. 464, 472 (1982). Because this requirement of causal connection has been deemed an indispensable part of any action challenging such violations under 42 U.S.C. § 1983 (*see Arnold v. Int'l Business Machines Corp.,* 637 F.2d 1350, 135 (9th Cir. 1981)), Plaintiff bears the burden of establishing causation to invoke federal jurisdiction under § 1983. Accordingly, a Plaintiff lacks standing to seek redress in federal court unless he can make an initial showing that an unconstitutional policy, practice, or custom motivated Defendant's injury

of Plaintiff.  *See Mehl v. Blanas*, No. 2:03-cv-2682-MCE-KJM, 2008 WL 324019 at *4 (E.D. Cal. Feb. 5, 2008), *aff'd,* 532 F. App'x 752 (9th Cir. 2013).

Here, Plaintiff alleges no injury in his FAC, and the Court is unable to identify any "fairly traceable" injury or causal connection to Defendants.  Plaintiff does not explain whether he has applied for, plans to apply for, or has been denied a handgun permit, and does not set forth any other involvement with Defendants' handgun permitting policy.  In his FAC, Plaintiff indicates solely that Defendants "ha[ve] enforced the challenged laws, against Plaintiff and [are] in fact presently enforcing the challenged laws against Plaintiff's interests." (Doc. 4, 2.)  From this alone, the Court cannot assess whether an unconstitutional policy, practice, or custom motivated an injury to Plaintiff, because Plaintiff has not outlined an injury.  *See Lujan,* 504 U.S. at 564.

"[A] plaintiff lacks standing to challenge a rule or policy to which he has not submitted himself by actually applying for the desired benefit." *Madsen v. Boise State Univ.,* 976 F.2d 1219, 1220 (9th Cir. 1992) (per curiam).  In *Madsen,* the plaintiff ("Madsen") complained about unconstitutional discrimination in the issuance of disabled parking permits on the Boise State campus.  As Plaintiff did here, Madsen filed a civil rights suit under 42 U.S.C. § 1983.  The facts, however, revealed that Madsen never completed the formal permit application for obtaining a disabled parking permit.  The court ruled that since he did not complete the formal application process, Madsen was precluded from making a constitutional challenge.  As the Ninth Circuit stated, "A plaintiff lacks standing to challenge a rule or policy to which he has not submitted himself by actually applying for the desired benefit." *Id.* at 1220.

As with Madsen, here Plaintiff has not asserted that he submitted himself to Defendants' policies by applying for a handgun.  Because Plaintiff has not pled any facts demonstrating Defendants' policies directly affected him, Plaintiff lacks standing to challenge the allegedly unconstitutional policies of Defendants regarding handgun permits.  Plaintiff offers no authority to support his argument that this deprivation can support standing, where he has expressed no intention to actually engage in any conduct that may be prohibited by the statute.  *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 564 (1992) ("Such 'some day' intentions—without any

description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.").

As explained above, Plaintiff has failed to demonstrate an "injury" as required by the standing doctrine. Further, while City of Fresno and Fresno Police Department are named as Defendants in this action and identified in the caption of Plaintiff's FAC, throughout his complaint Plaintiff interchangeably identifies the City of Fresno, County of Fresno, City of Fresno Police Department, Fresno City Police, and simply "counties" as Defendants. It is unclear what conduct is attributable to which defendant. For these reasons, Plaintiff's complaint shall be dismissed with leave to amend.

**B.     Amendment**

Plaintiff is advised that an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Further, Plaintiff is advised that each defendant must be named and injury in fact demonstrated regarding each defendant against whom Plaintiff seeks to assert a claim. If Plaintiff fails to file a second amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

///
///
///
///
///
///
///

## V.  CONCLUSION AND ORDER

Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.  Plaintiff will be given an opportunity to amend the deficiencies of the complaint as discussed above.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED;
2. Plaintiff shall file a second amended complaint within 30 days from the date of service of this order; and
3. If Plaintiff fails to file a second amended complaint, the Court will recommend that this action be dismissed for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **May 7, 2014**                           **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE